UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BIVONA & COHEN, P.C. and JOSEPH V. FIGLIOLO,

                Plaintiffs,                              No. 08 Civ. 4441

    -against-

                                                 **ANSWER**

WINDY RICHARDS a/k/a WENDY OGANDO,

                Defendant.
------------------------------------------------------------------------x

        Defendant Windy Richards, by and through her attorneys, Emery Celli Brinckerhoff & Abady LLP and Joseph & Herzfeld LLP, as and for her Answer to the claims asserted by Plaintiffs Bivona & Cohen, P.C. and Joseph V. Figliolo, respectfully answers as follows:

        1.      Defendant denies the allegations of paragraph 1 of the Complaint, except admits that defendant is a legal secretary at the law firm of Bivona & Cohen. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint that she is a "convicted drug felon."

        2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

        3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

        4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant neither admits nor denies insofar as the allegation contained in paragraph 7 of the Complaint is a legal conclusion.

8. Defendant admits that she sought employment with Bivona & Cohen as a legal secretary in or about August 2007.

9. Defendant admits that she is a single mother of three children, but denies the remaining allegations in paragraph 9 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint that she is a "convicted drug felon."

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that she was hired by Bivona & Cohen as a probationary employee in August 2007.

11. Defendant neither admits nor denies insofar as the allegation contained in paragraph 11 of the Complaint regarding what constitutes a "legitimate business reason to terminate her employment now" is a legal conclusion. With respect to the remaining allegations in paragraph 11 of the Complaint, defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that she reported to Brenda Diaz on or about February 12, 2008 that she had been raped by Figliolo, but denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant neither admits or denies as the allegations contained in paragraph 23 of the Complaint describe conduct and/or statements made in settlement negotiations and/or offers to compromise.

24. Defendant neither admits or denies as the allegations contained in paragraph 24 of the Complaint describe conduct and/or statements made in settlement negotiations and/or offers to compromise.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant's answer to paragraph 29 of the Complaint incorporates its

answers to paragraphs 1 through 28.

30. Defendant denies the allegations in paragraph 30 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations about why Plaintiffs filed this lawsuit.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

34. Defendant's answer to paragraph 34 of the Complaint incorporates its answers to paragraphs 1 through 33.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint.

36. Defendant neither admits or denies as the allegations contained in paragraph 36 of the Complaint describe conduct and/or statements made in settlement negotiations and/or offers to compromise.

37. Defendant denies the allegations in paragraph 37 of the Complaint that defendant "falsified her employment application and social security number," and denies knowledge or information sufficient to form a belief as to the truth of the allegations about what Plaintiffs discovered or when.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

39. Defendant's answer to paragraph 39 of the Complaint incorporates its

answers to paragraphs 1 through 38.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

42. Defendant's answer to paragraph 42 of the Complaint incorporates its answers to paragraphs 1 through 41.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

46. Defendant's answer to paragraph 46 of the Complaint incorporates its answers to paragraphs 1 through 45.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

55. Defendant's answer to paragraph 55 of the Complaint incorporates its

answers to paragraphs 1 through 54.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint, except that defendant is without knowledge or information sufficient to form a belief as to whether Figliolo suffered damage to his personal and business reputation and standing, has been placed under undue strain and burdens, and forced to endure extreme embarrassment, or whether he was suffered and will continue to suffer great mental strain and anguish and severe emotional distress.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint, and based on the foregoing, the Court should deny plaintiffs the relief they seek.

61. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph a of the WHEREFORE clause.

62. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph b of the WHEREFORE clause.

63. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph c of the WHEREFORE clause.

64. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph d of the WHEREFORE clause.

65. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph e of the WHEREFORE clause.

66. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph f of the WHEREFORE clause.

67. Based on the foregoing, the Court should deny plaintiffs the relief they seek in paragraph g of the WHEREFORE clause.

### FIRST AFFIRMATIVE DEFENSE

68. The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

69. Any loss sustained by Plaintiffs was caused, in whole or in part, by Plaintiffs' own misconduct. By reason of the foregoing, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' unclean hands.

### THIRD AFFIRMATIVE DEFENSE

70. The relief sought by Plaintiffs is barred because they acted in bad faith.

### FOURTH AFFIRMATIVE DEFENSE

71. The Plaintiffs, by their acts, misrepresentations and inducements to the defendant, are estopped from asserting any cause of action as set forth in the Complaint. By reason of the foregoing, the relief sought by Plaintiff is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

72. The relief sought by Plaintiffs is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

73. The relief sought by Plaintiffs is barred because it would unjustly enrich them.

### SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiffs have failed to mitigate their damages and their claims are barred or limited thereby.

### EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims are barred by the doctrine of laches or the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

76. A conflict of interest exists between Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred, in whole or in part, by the common interest privilege.

### ELEVENTH AFFIRMATIVE DEFENSE

78. The Complaint is barred because the statements complained of were not written, published, or said by defendant, and even if such statements were written, published, or said by defendant, the statements complained of were comments on a matter of legitimate public concern and were not made by defendant in a grossly irresponsible, or negligent, manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

### TWELFTH AFFIRMATIVE DEFENSE

79. The conduct or activities allegedly engaged in by defendant are protected and privileged under the First Amendment to the United States Constitution, as well as Article 1, Section 8 of the New York State Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

80. The statements complained of as allegedly defamatory cannot be the basis for a claim of punitive damages as a matter of law because they were not said or published with both actual malice and common law malice.

### FOURTEENTH AFFIRMATIVE DEFENSE

81. Plaintiffs have not sufficiently pled actual malice.

### FIFTEENTH AFFIRMATIVE DEFENSE

82. Plaintiffs' claims fail because any allegedly defamatory statement did not incrementally harm Plaintiffs' reputation beyond any harm caused by the fact that the Plaintiffs' conduct was widely known in the community.

### SIXTEENTH AFFIRMATIVE DEFENSE

83. Plaintiffs have not suffered any losses or damages; in any event, any losses or damages sustained by Plaintiffs are *de minimis*, remote, speculative and/or transient and hence are not cognizable at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

84. To the extent that Plaintiffs have suffered any harm, damages or emotional distress, it is the result of their own actions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

85. The causes of actions alleged in the Complaint are barred because Plaintiffs have not alleged or suffered special damages or actual injury or actual injury to reputation.

### NINETEENTH AFFIRMATIVE DEFENSE

86. The Complaint is barred because, to the extent the statements complained of as allegedly defamatory are statements of facts, those statements are substantially true.

### TWENTIETH AFFIRMATIVE DEFENSE

87. The Complaint is barred because, to the extent the statements complained of as allegedly defamatory contain expressions of opinion, such expressions of opinion are absolutely privileged under the First Amendment to the United States Constitution, Article 1, Section 8 of the New York State Constitution and applicable common law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

88. The Complaint is barred because the statements complained of as allegedly defamatory were not written, published, or said by defendant, and even if such statements were written, published, or said by defendant, such statements were made without actual malice, gross irresponsibility, negligence, or any other degree of fault required by the First Amendment to the United States Constitution or Article 1, Section 8 of the New York State Constitution and are protected as part of pre-litigation settlement negotiations and/or offers to compromise.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

89. Defendant did not make the statements complained of, and even if defendant did make such statements, defendant did not make the statements with knowledge that they were false or with reckless disregard of whether they were false or not, or negligently.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

90. The causes of action and damages alleged by the Plaintiffs are barred as

Plaintiffs have suffered no damages as a result of the acts of the defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

91.     Plaintiffs' damages, if any, were caused in whole or in part by one or more persons for whose conduct this defendant is not legally responsible. The damages claimed by the Plaintiff are not attributable to this defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

92.     Plaintiffs are not entitled to any injunctive or restitutionary remedies because Plaintiffs have an adequate remedy at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

93.     Plaintiffs' claims fail because any allegedly false statements claimed to have been made of and concerning Plaintiffs did not cause actual harm to Plaintiffs' reputation in light of Plaintiffs' previously diminished reputation.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

94.     The complaint is malicious prosecution and thus, is barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

95.     Plaintiffs' claims are barred by the doctrines of standing and ripeness.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

96.     Plaintiffs' claims fail as they constitute illegally retaliation against a person who has engaged in a protected activity.

### THIRTIETH AFFIRMATIVE DEFENSE

97.     To the extent that Plaintiffs' claims refer to or rely upon settlement negotiations and/or offers, such negotiations and/or offers are inadmissible and/or are protected

as privileged.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

98. Plaintiffs are not entitled to declaratory relief.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

99. This defendant reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

### JURY DEMAND

100. Defendant demands a trial by jury on any and all issues that may be deemed so triable.

Dated: May 19, 2008
      New York, New York

Respectfully submitted,

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: *Jonathan Abady*
    Jonathan S. Abady
    Mariann Meier Wang
    Katherine Rosenfeld
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
Tel.: (212) 763-5010

JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 688-5640

*Attorneys for Defendant Windy Richards*