USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/08

**EPSTEIN BECKER & GREEN, P.C.**

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

RONALD M. GREEN
TEL: 212.351.4646
FAX: 212.878.8686
RGREEN@EBGLAW.COM

MEMO ENDORSED

May 16, 2008

5/16/2008
I have read both complaints. I see no basis to remand your case, which clearly raises a federal question. In any event, I intend to adjudicate Ms. Richards' complaint & You are welcome to move to remand your case, if you can convince me that I was wrong. I will remand, But I will keep Ms. Richards' case.

**VIA FACSIMILE**

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

Re: Bivona & Cohen, P.C., et. al v. Windy Richards, 08 Civ. 4441; Windy Richards v. Bivona & Cohen, P.C., 08 Civ. 4433

Dear Judge McMahon:

This firm represents Plaintiffs Bivona & Cohen, P.C. (the "Firm") and Joseph Figliolo in the above-referenced matter. Plaintiffs write to request an expedited conference at the earliest convenient date to address Defendant Windy Richards' procedurally improper filing of her complaint in this Court and abuse of the notice of related case process in connection with the removal of Plaintiffs' earlier filed state court complaint.

On April 18, 2008, Plaintiffs filed a complaint in Supreme Court of the State of New York asserting causes of action in response to Defendant's attempt to extort $9 million from Plaintiffs by falsely claiming that she had been raped by Figliolo and sexually harassed by Figliolo while employed as a legal secretary at the Firm. Plaintiffs' complaint demonstrates how Plaintiffs learned that they were the targets of Richards' scheme to seek millions of dollars based on her false rape allegation and false harassment claim after they received a March 26, 2008 letter from Richards' counsel threatening to commence an action in Supreme Court, Bronx County, asserting causes of action under the federal, state and local anti-discrimination laws and under state tort law. Plaintiffs, in response to Richards' threatened state court action, filed their state court action in New York County seeking, inter alia, a declaratory judgment that Plaintiffs did not violate any anti-discrimination laws and that Bivona & Cohen could lawfully terminate Richards' employment based on the Firm's recent discovery that she had lied in her employment application to conceal a prior felony conviction and falsified her social security number. Plaintiffs also asserted state tort causes of action, including claims for tortious interference with

prospective business relations, defamation and intentional infliction of emotional distress, all arising out of the demand by Defendant for $9 million in return for not going public with her scandalous and scurrilous claims of alleged rape and sexual harassment.

Rather than respond appropriately to Plaintiffs' aforementioned complaint, on May 12, 2008, Richards filed her own complaint in the Southern District of New York asserting federal and state causes of action against Plaintiffs, as well as seven named individuals and Does 1-10,[1] alleging that she was sexually assaulted and harassed by Figliolo and retaliated against for complaining about the assault and harassment (08 Civ. 4433). Richards asserts federal question jurisdiction under 28 U.S.C. §1331, Title VII, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. §1981, and supplemental jurisdiction over her state and city discrimination law claims pursuant to 28 U.S.C. § 1367. Richards' federal complaint also alleges that following Plaintiffs' state court filing, she filed a charge of discrimination under Title VII with the EEOC on May 1, 2008, and received a notice of right to sue eight days later on May 9, 2008. Richards' federal complaint also includes a claim under 42 U.S.C. § 1985 for retaliation based on the earlier filing of Plaintiffs' publicized, allegedly baseless state court lawsuit claiming that it was founded on false and frivolous claims.

On the same day she filed her complaint, Richards filed a notice of removal of Plaintiffs' state court filing and notice of related case (08 Civ. 4441). In her notice of removal, Richards' asserted basis for removal is Plaintiffs' request for a judgment declaring that they have not violated her rights under federal, state and local law, and because this Court is the proper and preferred forum for resolving her federal claims under Title VII. Richards' notice of removal provides that the removed state court action and her pending federal court complaint should be consolidated before a single United States District Judge. Indeed, in her notice of related case, she admits that "[t]he legal and factual issues are identical."

Richards, therefore, improperly seeks to avoid the mandatory procedural consequences of her election to remove Plaintiffs' state case by filing a separate federal action that is admittedly identical in all respects to Plaintiffs' state filing. Instead of complying with the requirements of Rules 8, 12, 13, and 81 of the Federal Rules of Civil Procedure, requiring an answer to a removed complaint and the interposing of compulsory counterclaims in the same action, she has filed a new action. Since Plaintiffs, however, filed first in state court asserting claims under the same anti-discrimination laws and based on the same set of operative facts that Richards now asserts gives rise to her claims under the identical laws, her complaint should be dismissed, and the allegations therein asserted only as part of an answer and counterclaim to the removed complaint.

Richards' disingenuously asserted justification, moreover, for her federal filing that Plaintiffs have improperly sought to deny her the "preferred" federal forum for her federal

[1] Bivona & Cohen is a professional corporation with three owners – John Bivona, Marlene Monteleone and Joseph Figliolo. The other named individuals have no ownership or managerial interest in the firm.

discrimination claims by filing a "preemptive" state court lawsuit is belied by her stated intention set forth in her counsel's March 26, 2008 letter to file her own complaint in Supreme Court, Bronx County including asserting her federal discrimination claims. Indeed, Richards only sought to pursue a different forum than Bronx County when, following Plaintiffs' state court filing, she immediately filed a charge under Title VII with the EEOC and then requested a right to sue letter to be issued within three days thereafter for the sole purpose of proceeding in federal court. Despite this inconsistency, however, she now seeks to have her federal and state claims predominate through the filing of a new action. Richards' end run around the procedural rules is, therefore, wholly transparent in its attempt to improperly secure her status as the Plaintiff on all claims. The true and correct Plaintiffs, however, on all causes of action to be litigated are the Firm and Figliolo who filed first to have their rights declared under the various discrimination laws and for torts committed in response to Richards' threatened false allegations to be brought in state, not federal court. Indeed, Richards' federally based retaliation claim is based, in part, on the assertion that Plaintiffs' state court filing is false.

Dismissal of Richards' complaint is also warranted since there is no saving of judicial economy here as now there are two actions, not one, both dealing with the identical set of facts and circumstances. Consolidation, as requested by Richards, will not serve to diminish the duplication inherent in two separate sets of pleadings with multiple overlapping legal causes of action and defenses and counterclaims.

Rather than engage in extensive motion practice to address these issues, Plaintiffs request an expedited Rule 16 conference.

Respectfully,

Ronald M. Green

cc: Jonathan S. Abady, Esq. (Attorney for Defendant Richards) (Via Facsimile)
Joseph & Herzfeld, LLP (Attorney for Defendant Richards) (Via Facsimile)
Joan M. Gilbride, Esq. (Attorney for Bivona & Cohen, P.C., John Bivona, Roderick Coyne, Jan Michael Ryfkogel, Andrew Sapon, Robert Macchia, Richard Kubik and Marlene Monteleone) (Via Facsimile)
Diane Krebs, Esq. (Attorney for Defendant Joseph Figliolo) (Via Facsimile)