```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
WINDY RICHARDS,              :
                             :
           Plaintiff,        :
                             :        CV 08 4433 (CM)(GWG)
      - v. -                 :
                             :
BIVONA & COHEN P.C., JOSEPH FIGLIOLO,  :
JOHN BIVONA, RICHARD KUBIK, MARLENE    :
MONTELEONE, and JOHN/JANE DOES 1-10.   :
                             :
           Defendants.       :
------------------------------------- x
BIVONA & COHEN P.C. and JOSEPH V.      :
FIGLIOLO,                    :
                             :
           Plaintiffs,       :        CV 08 4441 (CM)(GWG)
                             :
      - v. -                 :
                             :
WINDY RICHARDS a/k/a WENDY OGANDO,     :
                             :
           Defendant.        :
------------------------------------- x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/08

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, pursuant to discovery requests already or expected to be made in connection with this action, the attorneys for the parties in this case (collectively the "Parties") have and/or will request production of documents relevant to the claims and defenses asserted, including but not limited to documents which are confidential and/or protected by privacy laws; and

WHEREAS, the Parties are desirous of imposing restrictions on the disclosure and use of certain proprietary, confidential or otherwise sensitive information and documents relating to the subject matter of this litigation; and

1

**WHEREAS**, the Parties are in agreement that such information shall be disclosed only in accordance with the terms herein and, thus, seek entry of this Order; and for good cause shown;

NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

1.  As used herein, "Confidential Materials" shall mean any records of medical and/or psychological treatment of any party produced in this action or obtained pursuant to authorizations produced by either party this action and/or any information contained or reflected in such records.

2.  As used herein, "Confidential Materials" shall also mean any documents, and/or information contained therein, or information produced by any party to another, which is deemed by the producing party in good faith to be confidential. Documents or information that is publicly available shall not be considered "confidential" or to be "Confidential Materials."

3.  Counsel for the Parties shall designate documents provided to other Parties as Confidential Materials by marking or stamping such documents where possible with the word "CONFIDENTIAL." If it is not possible to stamp such documents or if the other party produced such documents, counsel must designate by bates number those documents that it designates Confidential.

4.  In the event counsel for plaintiff or defendants disagree with any designation of "Confidential Materials" or consider it necessary to disclose Confidential Materials to persons other than those permitted herein, counsel shall confer within a reasonable period of time, not to exceed five (5) days from the first date that any document designated as "Confidential Materials" is received by a party, and attempt in good faith to resolve the matter informally. If the Parties are unable to resolve the matter informally, the Party contesting the

2

designation of "Confidential Materials" must, within three (3) days of the date of the last attempt to confer, make an application to the Court for a determination whether the designation of Confidential shall be permitted. If the Party contesting the designation does not make such a motion within 3 days of the dispute, the documents or information in question shall be deemed confidential pursuant to this Stipulation and Order and no longer subject to contest. If the Party contesting the designation does make such motion within 3 days of the last attempt to confer about the dispute, or such other time as the Parties agree to in writing, the documents or information in question shall be treated as Confidential Materials, subject to the terms of this Stipulation and Order, until otherwise agreed to by the Parties or ordered by the Court. The designating Party shall have the burden of proof on such motion to establish the propriety of its Confidentiality designation and to produce to the Court copies of all disputed documents if requested by the Court, or if the Court allows, representative samples of all disputed documents.

5. Nothing shall prevent a Party from withholding production of a document considered privileged (particularly attorney-client or attorney work product), despite the existence of this Protective Order, nor is a Party prohibited from seeking additional or further protection as it deems necessary for documents and information sought to be discovered in this action, provided that any documents considered privileged are withheld in compliance with the procedures set forth in the Federal Rules of Civil Procedure governing the Parties' treatment of privileged materials.

6. The term "Confidential Materials" applies not only to the materials originally produced but any derivative of such materials, including, but not limited to, copies, notes, summaries or any other materials containing information located in Confidential

Materials. The recipient is required to maintain Confidential Materials at all times in a secure manner.

7. Confidential Material shall be used by the recipient solely for the purpose of prosecuting or defending the Action, and for no other purpose.

8. Confidential Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    (a) outside counsel who are counsel of record in the Action;

    (b) employees of counsel of record in the Action, including regular and temporary lawyers, support staff, and outside vendors or contractors, assisting in the representation for use in accordance with this Stipulation and Order;

    (c) Any party, including any officer or employee of any party to this case and their insurers;

    (d) retained experts or consultants (testifying and non-testifying) assisting counsel of record for the parties;

    (e) Any deponent or witness in the course of, or in preparation for, a deposition or testimony in the Action;

    (f) Persons who authored, prepared or assisted in the preparation of the material;

    (g) the Court in the Action, pursuant to Paragraph 12 of this Stipulation and Order, court reporters, stenographers and other court personnel employed in connection with the Action, and jurors; and

    (h) As required by law or court order or in response to a request for information from any government, regulatory, or self-regulatory entity having jurisdiction over the matters giving rise to the claim.

9. Before any disclosure is made to any person listed in paragraph 8(d) or (e) above, the disclosing attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or

4

defense of this case and not to further disclose the Confidential Materials except as allowed for by this Protective Order. The signed consent shall be retained by the disclosing attorneys and a copy shall be furnished to remaining counsel upon their request.

10. Any produced documents or materials designated as "Confidential" shall be stamped as such, but the inadvertent failure to stamp/designate such shall not defeat a claim that a particular item is confidential, nor shall such failure operate as a waiver of the right to assert such protection, and any document or material may later be so designated as "Confidential." Records of any Party's medical and/or psychological treatment shall automatically be deemed confidential, whether or not they are stamped as such.

11. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Protective Order. Parties may designate deposition testimony as Confidential at the deposition itself or within thirty (30) business days after receipt of the deposition transcript by notifying the remaining attorneys in writing. All transcripts of depositions shall be treated as Confidential until the expiration of that time period.

12. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall not be filed electronically via the ECF system. Rather, such documents shall be delivered to the Clerk of the Court and the Magistrate and/or District Court Judge (as appropriate) enclosed in a sealed envelope, to which a copy of Stipulation and Protective Order, so ordered by the Court, shall be attached. The sealed envelope should also bear an indication of the nature of the contents and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

13. This Stipulation shall survive the termination of this litigation. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the attorneys for the Party who produced the Materials, or, if produced by a third party, for the Party asserting the protection. Alternatively, upon the consent of that Party, the Confidential Materials may be destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Party's attorneys. This provision shall not prevent attorneys of record for the Parties from maintaining their files, as long as this Agreement is followed. *This paragraph does not apply to the Court.* /M/

14. Nothing in this Protective Order shall be construed to limit the use of the Confidential Materials in any manner by the Party producing the Materials or, if produced by a third party, by the Party asserting the protection.

15. Nothing in this Protective Order shall be construed to limit the rights of the Parties to object to any question or discovery request or to the production of particular Confidential Materials during discovery or at trial.

16. The Parties agree that the United States District Court, Southern District of New York, shall retain jurisdiction of this matter so as to resolve any dispute arising in connection with this Protective Order, whether before or after the termination of this action.

Dated: New York, New York
June 26, 2008

EMERY CELLI BRINCKERHOFF
& ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763 5000

By: *Mariann Wang*
Mariann Meier Wang

Attorneys for Plaintiff

KAUFMAN BORGEEST &
RYAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
(914) 741-6100

By: *Joan Gilbride* /BMS
Joan Gilbride

Attorneys for Defendants Bivona & Cohen PC, and all individual defendants except for Joseph Figliolo

GORDON & REES LLP
90 Broad Street, 23d Floor
New York, New York 10004
(212) 269-5500

By: *Diane Krebs*
Diane Krebs
Attorneys for Defendant Joseph Figliolo

SO ORDERED:

_____
HON. GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
July 1, 2008

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on June __, 2008 in the action entitled Richards v. Bivona & Cohen PC, et al., 08 Civ. 4433 (CM)(GWG) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials (either the documents themselves or any information contained in such documents) except in testimony taken in this case. The undersigned further acknowledges that he or she must, within 30 days of the litigation's termination, either destroy said confidential materials and provide a certification to counsel for the appropriate Party attesting to said destruction, or return them to counsel for the Party who originally produced the Confidential Materials or, if produced by a third party, for the Party asserting the protection.

_____     _____
Date                             Signature

                                 Print Name: